**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| GLOBAL FINANCE CORPORATION, | ) | Case No.: 2:11-cv-01844-GMN-GWF |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| STA DEVELOPMENT, LLC; SOLARHYBRID A.G.; SOLARHYBRID USA LLC; SOLARHYBRID OF AMERICA, INC.; SOLAR TRUST OF AMERICA, LLC; SOLAR MILLENIUM AG; and DOES I through X, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

      Plaintiff, Global Finance Corporation ("GFC") and Defendants STA Development, LLC, Solar Trust of America, LLC and Solarhybrid USA LLC, by and through their respective counsel, submitted a Stipulation and Order (ECF No. 16) to continue and extend the Temporary Restraining Order ("TRO") entered on November 14, 2011, in Clark County District Court Case No. A-11-651292-B (ECF No. 7), until further Order of this Court.  The Court will grant the Stipulation in part and deny it in part.

      In its Order dated November 22, 2011, the Court stated that the December 5, 2011 hearing on the pending Motion for Preliminary Injunction (ECF No. 6) "may be vacated by Order of the Court, if the parties file a Stipulation agreeing to extend the Temporary Restraining Order for an additional 14 days or agreeing to the granting of the Preliminary Injunction." (ECF No. 11.)

      Fed. R. Civ. P. 65(b) provides that a TRO issued without notice to an adverse party "expires at the time after entry – not to exceed 14 days – that the court sets, unless before that

time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Here, the state court entered the TRO on November 14, 2011, after entertaining arguments from four out of six defendants: STA Development, LLC, Solarhybrid USA, LLC, Solar Millennium AG and Solar Trust of America LLC.  However, Defendants Solarhybrid AG and Solarhybrid of America, Inc. have yet to be served or to enter an appearance in this suit.  Therefore, a longer extension of the TRO requires the consent of all adverse parties.

Accordingly, because the parties have not agreed to the granting of the Preliminary Injunction, and only three defendants have stipulated to the extension of the TRO, the Court will instead grant an extension of the TRO for good cause, to expire fourteen (14) days from the entry of this Order, so that the Court may further consider the Motion for Preliminary Injunction.

The Court will also re-set the hearing date for the Motion for Preliminary Injunction. This hearing date may be vacated by Order of the Court, if **all parties subject to the TRO** file a Stipulation agreeing to extend the TRO pending the Court's decision on the Motion for Preliminary Injunction, or if **all parties** agree to the granting of the Preliminary Injunction.

**IT IS HEREBY ORDERED** that the Motion to Extend Temporary Restraining Order and to Vacate Preliminary Injunction Hearing (ECF No. 16) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the TRO entered on Nov. 14, 2011 (ECF No. 7) is continued, and all injunctions, obligations, and orders set forth in such order shall remain in effect for fourteen (14) days from the date of this Order (December 16, 2011).

**IT IS FURTHER ORDERED** that the hearing set for 9:30 a.m. on December 5, 2011 is

/ / /

/ / /

1  vacated, and **re-set for December 15, 2011 at 9:00 a.m.**

2      DATED this 2nd day of December, 2011.

_____
Gloria M. Navarro
United States District Judge