JAMES E. SMYTH II
Nevada Bar No. 6506
LISA J. ZASTROW
Nevada Bar No. 9727
KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
Telephone: (702) 792-7000
Fax: (702) 796-7181
jsmyth@kcnvlaw.com
lzastrow@kcnvlaw.com

Attorneys for Defendants
STA DEVELOPMENT, LLC and
SOLAR TRUST OF AMERICA, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GLOBAL FINANCE CORPORATION, an Illinois corporation qualified to do business in Nevada,<br><br>Plaintiff,<br><br>vs.<br><br>STA DEVELOPMENT, LLC, a California limited liability company; SOLARHYBRID A.G., a German corporate entity; SOLARHYBRID USA LLC, a Delaware limited liability company; SOLARHYBRID OF AMERICA, INC., a California corporation; SOLAR TRUST OF AMERICA, LLC, a Delaware limited liability company; SOLAR MILLENNIUM AG, a German corporate entity; and DOES I through X, inclusive,<br><br>Defendants. | Case No. 2:11-CV-01844-GMN-GWF<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND TO SEAL PORTIONS OF THE RECORD** |

This matter having come before this Court on Defendant STA DEVELOPMENT, LLC's ("STAD") Motion for Protective Order and to Seal Portions of the Record ("Motion") and this Court having reviewed the Motion, papers and pleadings and considered the arguments,

IT IS HEREBY ORDERED:

1. That the Motion is granted.

2. That Defendant SOLARHYBRID USA, LLC shall within ten days of the date of this Order file a redacted version of the **Petition for Removal** (Doc 1) redacting Exhibit 2 (Joint Development Agreement) attached as Exhibit 2 to the Application for Temporary Restraining Order; Exhibit 6 (September 1, 2011 letter to Reid), Exhibit 8 (August 29, 2011 letter); Exhibit 9 (Lease); and Exhibit 10 (email and attachments).

3. That Plaintiff shall within ten days of the date of this Order file redacted versions of the following:

(a) Exhibit 2 (Joint Development Agreement); Exhibit 6 (correspondence); and Exhibit 7: A-D (potential sale-related documents) attached to the **Emergency Motion to Compel Document Production Pursuant to TRO on an Order Shortening Time (#22) and Notice of Corrected Image / Document (#23) Exhibits**; and

(b) Exhibit 2 (Joint Development Agreement), Exhibit 6 (September 1, 2011 letter to Reid), Exhibit 8 (August 29, 2011 letter); Exhibit 9 (Option to Lease Water Rights); and Exhibit 10 (email and attachments) attached to the **Ex Parte Motion for Temporary Restraining Order (#5) and (#6)**; and

(c) Redacting the following lines from the filed **Emergency Motion to Compel Document Production Pursuant to TRO on an Order Shortening Time (#22) and Notice of Corrected Image / Document (#23)** at p. 3 at l. 24 – p. 4 at l. 7; p. 8, ll. 4-12; p. 11, l. 25 – p. 12, l. 1 - 25; p. 13, l. 14; and p. 14 at l. 10; and

(d) Redacting the following lines in **Plaintiff's Opposition to Motion to Dismiss the Sixth Claim of the Complaint (Doc 31)**: p. 5, l. 24 - p. 6, l. 1.

/ / / /

1    4.    Once the redacted versions are filed, the Court will seal the filings discussed above.

2    5.    That the following protective order pertaining to confidential information is hereby entered:

The Plaintiff and Defendants (collectively referred to as the "Parties" and individually as a "Party") are involved in a dispute which is the subject of this action ("Action"). In connection with the Action, STAD has produced to Plaintiff certain proprietary information and the Parties shall disclose certain other proprietary information. The Parties agree that information already produced and that will be produced is sensitive and shall be treated as confidential in accordance with the terms and conditions of this Order. Although this information must be disclosed for purposes of the Action, the Parties are entitled to the protections described below.

  (a)   Confidential Information. For the purposes of this Order, "Confidential Information" shall mean and refer to all information disclosed by a Party or its representatives (defined below) that is related to the Action, the Amargosa solar power project located in Nye County, Nevada ("Project") including draft agreements or other documents related to the Project, and any information that is marked or otherwise identified as confidential or proprietary at the time of disclosure and shall include, without limitation:

    (i)   information relating to the development strategies, documents concerning projects, term sheets, acquisition agreements, draft acquisition agreements, offtakers, financial projections and any similar information related to a Party's projects,

    (ii)  trade secrets, ideas, techniques, sketches, drawings, works of authorship, design details and specifications, models, inventions, know-how,

processes, apparatuses, equipment, algorithms, and other intellectual property rights of a Party,

   (iii) information regarding research, development, new products and services, business plans and forecasts, budgets and unpublished financial information, customers, investors, marketing plans, selling plans and arrangements, and suppliers,

   (iv) the existence of, and the contents of, any business discussions, negotiations or agreements, including draft agreements, between the Parties; and

   (v) any information pertaining to employees, contractors or other agents of a Party.

  (b) <u>Non-Disclosure and Non-Use of Confidential Information</u>. Each Party shall hold in strict confidence all Confidential Information of the other Party. Each Party may only use the other Party's Confidential Information for the purposes of discussing, evaluating and/or resolving the dispute and Action, and each Party shall not make use of, reproduce or in any way disclose any such Confidential Information to any third party that is not such Party's representative. "Representative" shall mean such Party's directors, officers, employees, attorneys (including outside counsel), accountants, financial advisors, auditors, consultants and agents:

   (i) who need to know such Confidential Information in connection with the Action,

   (ii) who are either bound by a professional obligation to hold in confidence all information that would be disclosed to them or are bound by a document containing restrictions on disclosure and use similar to that contained herein.

1  Each Party shall be responsible for any violation of such restrictions by any of its representatives, and any unpermitted disclosure or other violation of this Order by any representative of a Party shall be deemed made by such Party.

(c)  Information identified as "Confidential" may be used only in connection with this Action, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order and any receiving party shall exercise due care regarding its storage, custody and use.

(d)  Any documents and/or other information identified "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, may be made available only to:

(i)  The receiving Party, attorneys of record for the receiving Party, their employees and other attorneys and/or employees of their firms;

(ii)  Judges, the Court and jury, law clerks, court reporters, and other clerical personnel of the Court before which this Action pending;

(iii)  Experts associated either directly or indirectly with a Party whom the receiving Party identifies.

(e)  Each person permitted by the Parties or their counsel to have access to the confidential information under the terms of this Order shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each person shall sign a statement in the form of **Exhibit A** hereto indicating that he has read the Order and agrees to comply with its terms.

(f)  <u>Exceptions</u>. The terms above shall not apply to any portion of Confidential Information which a Party can demonstrate with competent evidence:

/./././

        (i)    Was already rightfully in receiving Party's possession and subject to free disclosure at the time it was communicated to the receiving Party by the disclosing Party;

        (ii)    Is or becomes generally available to the public through no act or default on the part of receiving Party or that of its representatives; and/or

        (iii)    Was developed by receiving Party or its representatives independent of and without reference to any information that the disclosing Party communicated to the receiving Party.

Notwithstanding anything to the contrary in this Order, if any Confidential Information is required to be disclosed by law or the order of any court or other governmental body, a receiving Party may disclose such Confidential Information to the extent so required; <u>provided</u>, that the receiving Party shall promptly provide prior written notice to the disclosing Party in advance of any such required disclosure. The disclosing Party may request a protective order preventing or limiting the disclosure and/or requiring that the Confidential Information so disclosed be used only for the purposes for which the law or regulation required, or for which the order was issued. In the event the disclosing Party is not able to obtain a protective order or other similar remedy, the receiving Party shall furnish only that portion of the Confidential Information that is lawfully required to be furnished by the court order, subpoena, civil investigative demand, regulatory authority or similar process or authority, as applicable.

        (g)    Any document or evidence filed with the Court or submitted to the Judge which is designated as containing "Confidential" information shall be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the action, and a statement substantially in the following form:

"CONFIDENTIAL" This document is subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that Order.

(h) In the event that a party or non-party inadvertently fails to designate any document, thing or information as "Confidential," it may later designate such document, thing or information by notifying the attorneys of record for all receiving parties in writing, identifying the particular documents, things or information it wishes to designate and the appropriate designation. Attorneys of record for the receiving Parties shall thereafter:

(i) use reasonable efforts to retrieve all such particular documents, things or information and all copies thereof,

(ii) mark the particular documents, things or information, and all copies thereof, with the appropriate legend, and

(iii) treat the document, thing or information, and all copies thereof, in accordance with the designation.

(i) To the extent Plaintiff has already filed confidential information, it shall immediately file appropriate moving papers to ensure that such documents are sealed in accordance with the terms of this Order.

(j) Nothing in this Order shall bar or otherwise restrict any attorney of record from rendering advice to their client with respect to this action after having examined "Confidential" information. However, in rendering such advice and in otherwise communicating with the client, the attorneys shall not disclose in any way, directly or indirectly, generally or specifically, the contents or source of any information designated "Confidential" which disclosure would be contrary to the terms of this Order.

/./././

(k)     If, at any time, any Party believes that any other Party or non-party has unreasonably designated certain information as "Confidential" and the producing Party does not agree to change the designation or to further disclosure, the objecting Party may make an appropriate application to this Court requesting that the specifically identified documents, information and/or deposition testimony be made available to specified persons.

(l)     This Order may only be modified by stipulation of all Parties signatory hereto, and by Order of this Court.

(m)     This Order will not prejudice the right of any Party or non-party to reasonably oppose the production of any information on the ground of attorney-client privilege, work product, immunity, trade secret status, or any other protection provided under the law.

(n)     <u>Ownership of Confidential Information</u>. Each Party acknowledges and recognizes that any Confidential Information is and shall remain the property of the disclosing Party and/or its affiliates, and the receiving Party further acknowledges and agrees that no right, title, license and interest in and to such Confidential Information is hereby granted to the receiving Party, its representatives or any other Party.

(o)     <u>Loss Mitigation</u>. The receiving Party will immediately notify the disclosing Party upon discovery of any loss or unauthorized disclosure of the Confidential Information of the disclosing Party.

(p)     <u>Securities Laws</u>. Global Finance acknowledges that Global Finance and Global Finance's representatives may receive material non-public information in connection with a Party's disclosure of confidential information pursuant to this Order and Global Finance is aware (and Global Finance will so advise Global Finance's

representatives) that United States federal and state securities laws and German securities laws impose restrictions on (i) trading in securities of Solar Millennium AG, Solarhybrid AG and/or each of their respective affiliates when in possession of such information, and (ii) providing such information to other persons who purchase or sell securities of Solar Millennium AG, Solarhybrid AG and/or each of their respective affiliates.

This Court, having reviewed the attached Stipulation, and for good cause appearing:

DOES HEREBY ORDER, ADJUDGE AND DECREE that the Parties are to abide by the terms of this Stipulated Protective Order.

DATED this __2nd__ day of February_____, 2012.

_____
George Foley, Jr.
United States Magistrate Judge

Respectfully submitted by:

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

_____
JAMES E. SMYTH II
8345 West Sunset Road, Suite 250
Las Vegas, Nevada 89113
**Attorneys for Defendants**
**STA DEVELOPMENT, LLC and**
**SOLAR TRUST OF AMERICA, LLC**

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

1.  I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential," within the terms of the Protective Order entered in the action entitled *Global Finance Corporation v. STA Development, LLC, et al.*, United States District Court, District of Nevada, Case No. 2:11-cv-00824-GMN-GWF.

2.  I have read the aforementioned Protective Order and agree to be bound by it.

3.  I hereby agree to submit to the jurisdiction of the United States District Court, District of Nevada for enforcement of the undertaking I have made.

I declare the foregoing is true and correct under penalty of perjury and the laws of the State of Nevada and the Unites States of America.

DATED this _____ day of _____, 2012.

_____
(Signature)

_____
(Printed Name)

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1062821_3.DOC  16467.1

Page 10 of 10